UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| KHUSHWINDER SINGH, | ) Case No. 2:26-cv-05073-DTB |
| Petitioner, | ) **ORDER GRANTING PETITION** |
| v. | ) **FOR WRIT OF HABEAS CORPUS** |
| MARK BOWEN, Acting Warden, Adelanto Detention Center, et al., | ) |
| Respondents. | ) |

**I.**

**PROCEDURAL HISTORY**

On May 11, 2026, petitioner Khushwinder Singh ("Petitioner"), through counsel, filed a Verified Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") (Docket No. 1 at 1-30),[1] with attached exhibits (Docket No. 1 at 31-40).

---

[1] For the parties' pleadings and exhibits, the Court cites to the CM/ECF pagination at the top of each page.

1

On May 18, 2026, in accordance with General Order 26-05's expedited briefing schedule (Docket No. 5), Respondents filed an Answer to the Petition ("Answer"). (Docket No. 8).

In the Answer, Respondents acknowledge that Petitioner appears to be a member of the Bond Eligible Class of detainees certified in Maldonado-Bautista v. Santacruz, Case No. 5:25-cv-01873-SSS-BFM in Maldonado Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) reconsideration granted in part, 813 F. Supp. 3d 1075 (C.D. Cal 2025), amended and superseded on reconsideration, 813 F. Supp. 3d 1084 (C.D. Cal 2025) ("Bautista"), and that, as such, Petitioner is entitled to a bond hearing pursuant to the judgment in Bautista. (Answer at 2 ["Respondent[s] acknowledge[] that Petitioner's claim in this action appears to be subject to the *Bautista* judgment, the order enforcing the same, and to any applicable appellate proceedings relating to it."]).[2]  In the Answer,

---

[2]    The members of the certified Bond Eligible Class are: "All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." Bautista, 813 F. Supp. 3d at 1077-78.

On December 18, 2025, the court entered final judgment and granted declaratory relief to all members of the Bond Eligible Class. See Bautista, 813 F. Supp. 3d at 1084.  Pursuant to the final judgment entered, the court declared that "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a)" and that "the Bond Eligible Class members are not subject to mandatory detention under § 1225(b)(2), and are entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." Bautista v. Noem, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025).  On February 18, 2026, the court granted a motion to enforce the declaratory judgment and vacated the Board of Immigration Appeals' decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025) as contrary to law under the Administrative Procedures Act. Bautista v. Santacruz, 2026 WL 468284, at *12 (C.D. Cal. Feb. 18, 2026).  "On March 6, 2026, the Ninth Circuit administratively stayed the December 18, 2025 declaratory judgment in [Bautista] 'insofar as [it] extends beyond the Central District of California' pending a ruling on the Government's motion for a stay pending appeal." Castro v. Johnson, Case No. 5:26-cv-01592-PVC, 2026 WL 1104766, at *3 (citation omitted).  "On March 31, 2026, the Ninth Circuit granted the government's emergency motion for a stay pending appeal as follows:  (1) the Bautista court's December 18, 2025 class certification order and final judgment is stayed pending appeal, insofar as they extend beyond the Central

Respondents also state that "[w]hile Petitioner seeks immediate release, to the extent Petitioner would be entitled to any remedy, at most it would be ordering a bond hearing to be held before an Immigration Judge under Section 1226(a)." (Id. at 2).

On May 19, 2026, Petitioner filed a Reply, stating that he is seeking immediate release from custody, as a bond hearing would improperly reward Respondents' unconstitutional conduct by permitting detention first and process later. (Docket No. 9 at 5).

Thus, this matter is now ready for decision. For the reasons set forth below, the Court recommends that the Petition be granted.

## II.

## BACKGROUND

Petitioner is a native and citizen of India who entered the United States on or about August 8, 2024, without inspection. (Docket No. 1 at 1, 5). Petitioner was not apprehended at the time of entry and entered the United States without any initial detention or processing by immigration authorities. (Id. at 1-2, 5). Following his entry, Petitioner resided continuously in the United States and established a stable life in the community. (Id. at 2, 5). Petitioner has no criminal history. (Id.). Petitioner obtained lawful employment pursuant to valid work authorization and has

District of California; and (2) the district court's February 18, 2026 post-judgment order vacating Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025) is stayed pending appeal." Vivas v. Santacruz, Case No. 5:26-cv-01926-JFW-KES, 2026 WL 1122208, at *1 (C.D. Cal. Apr. 20, 2026) (citation omitted). Therefore, "the Bautista court's December 18, 2025 judgment remains in place as to the Central District of California." Id.

As such, the declaratory judgment entered in Bautista has "the force and effect of a final judgment or decree." 28 U.S.C. § 2201(a); see also Haaland v. Brackeen, 599 U.S. 255, 293 (2023) ("After all, the point of a declaratory judgment is to establish a binding adjudication that enables the parties to enjoy the benefits of reliance and repose secured by res judicata.") (citation and internal quotation marks omitted). As parties to Bautista, Respondents are obligated to comply. See Maness v. Meyers, 419 U.S. 449, 458 (1975) ("We begin with the basic proposition that all orders and judgments of courts must be complied with promptly.").

maintained steady employment. (Id.). Petitioner also obtained a driver's license and established residence in the United States, and has established significant family and community ties within the United States. (Id.). Petitioner has also been actively pursuing humanitarian immigration relief, including asylum protection. (Id.). Petitioner has an approved Form I-360 petition for Special Immigrant Juvenile Status ("SIJS"), which provides a pathway to lawful permanent residence. (Id.). On May 6, 2026, Petitioner was stopped and detained by ICE officers outside his residence as he was returning home from work. (Id.). ICE officers did not present a warrant and did not provide any explanation for the stop or detention. Petitioner was immediately taken into custody. (Id.). At no point did ICE identify any violation of law, criminal conduct, or factual basis justifying detention. (Id.). Petitioner was not provided notice of any alleged wrongdoing and was not given any opportunity to respond or contest his detention. (Id.). Petitioner was not provided any pre-deprivation hearing or review by a neutral decisionmaker. (Id.). On May 7, 2026, DHS served Petitioner with a Notice to Appear, charging removability solely under INA § 212(a)(6)(A)(i). (Id. at 6). Petitioner remains in pre-final-order removal proceedings under 8 U.S.C. § 1229a. (Id. at 10). Petitioner contends that he is being held on an improper basis, alleging that, on July 8, 2025, DHS issued Interim Guidance asserting that certain noncitizens are subject to detention under 8 U.S.C. § 1225(b). (Id.). Respondents rely on that policy, along with Matter of Q. Li and Matter of Yajure-Hurtado, to justify Petitioner's continued detention without bond eligibility. (Id.). Petitioner disputes Respondents' basis for his continued detention, and asserts that his detention, if authorized at all, arises under 8 U.S.C. §

/ / /

/ / /

/ / /

4

1226(a).  (Id.).  Petitioner has never received a constitutionally adequate custody determination.  (Id. at 6-7).  No neutral decisionmaker has evaluated whether Petitioner poses a flight risk or danger to the community.  (Id.).  Petitioner's seizure and continued detention occurred without any pre-deprivation process.  (Id.).

## III.

## PETITIONER'S CLAIMS

The Petition alleges that Petitioner's arrest and detention violates both the Constitution and the laws of the United States, and raises claims for habeas relief based on the following: (1)  Violation of Petitioner's right to substantive due process under the Fifth Amendment; (2) violation of Petitioner's right to procedural due process under the Fifth Amendment; (3) violation of the Immigration and Nationality Act; (4) violation of the Administrative Procedure Act; and (5) violation of the Fourth Amendment.  (Petition at 24-29).  The Petition seeks, *inter alia*, Petitioner's immediate release from custody without conditions or, alternatively, a bond hearing.  (Id. at 3, 29-30).

## IV.

## LEGAL AUTHORITY

A writ of habeas corpus is "available to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been

strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A noncitizen in the custody of immigration authorities may bring a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds of their detention violates the Constitution or other federal laws. 28 U.S.C. § 2241(c)(3); Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001) (federal courts retain jurisdiction to consider habeas relief under Section 2241 for noncitizens subject to detention following an order of removal).

To the extent Petitioner has raised claims under the Due Process Clause of the Fifth Amendment, the Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. See U.S. Const., amend. V. These protections extend to noncitizens present in the United States. See, e.g., Trump v. J.G.G., 604 U.S. 670, 673 (2025) (*per curiam*) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings." (internal quotation marks omitted)); Zadvydas, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); Hussain v. Rosen, 985 F.3d 634, 642 (9th Cir. 2021) ("The Fifth Amendment entitles aliens to due process of law in deportation proceedings." (internal quotation marks and brackets omitted)). Indeed, "the government's discretion to incarcerate noncitizens is always constrained by the requirements of due process ...." Hernandez v. Sessions, 872 F.3d 976, 981 (9th Cir. 2017).

Due process "is a flexible concept that varies with the particular situation." Zinermon v. Burch, 494 U.S. 113, 127 (1990). Indeed, the Due Process Clause provides both procedural and substantive protections. See, e.g., Regino v. Staley, 133 F.4th 951, 959 (9th Cir. 2025) ("This clause protects individuals against two types of government action: violations of substantive due process and procedural due process." (internal quotation marks omitted)). To determine whether detention

violates procedural due process, courts frequently apply the three-part test set forth in Mathews v. Eldridge, 424 U.S. 319 (1976).  See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022) (collecting cases and applying the Mathews test to a constitutional challenge to detention pursuant to 8 U.S.C. § 1226(a)).  Under Matthews, courts weigh the following three factors: (1) "[T]he private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."  Mathews, 424 U.S. at 335; see also id. at 332 ("Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment.").

## V.

## DISCUSSION

### A.  Habeas Relief is Warranted.

Here, Petitioner alleges that he entered the United States without inspection on or around August 8, 2024, and has been present in the country since such date. (Docket No. 1 at 1, 5).  He has established a stable life in the community, obtained a valid work authorization, maintained steady work, and has no criminal history. (Id. at 2, 5).  Petitioner has also actively pursued humanitarian immigration relief, including asylum protection, and has an approved Form I-360 petitioner for SIJS, which provides a pathway to lawful permanent residency.  (Id.).  On May 6, 2027, Petitioner was stopped, arrested and detained by immigration officials outside of his residence after returning home from work.  (Id.).  He was provided neither notice

7

nor explanation for his arrest and detention, nor was he provided any process, either pre or post detention. (Id.) On May 7, 2026, Petitioner was served with a Notice to Appear, charging removability under INA Section 212(a)(6)(A)(i). (Id. at 2). Since his detention on May 6, 2026, he has not received any bond or custody determination hearing. (Id.).

In their Answer, Respondents do not challenge or otherwise dispute these facts. Indeed, the Answer fails to address any of Petitioner's claims, and notes only that Petitioner appears to be a member of the Bond Eligible Class certified in Baustista, and that therefore "to the extent Petitioner would be entitled to any remedy, at most it would be ordering a bond hearing to be held before an Immigration Judge under Section 1226(a)." (Docket No 8 at 2). The Court now considers Petitioner's claim concerning the deprivation of his due process rights pursuant to the facts in Mathews.

In light of Respondents' Answer, the Court finds that the facts alleged in the Petition are undisputed. As such, and particularly in light of Petitioner's SIJS, the Court finds that Petitioner developed a substantial liberty interest in remaining out of custody based on the life he built in the United States since arriving in 2024. See, e.g., Tinoco v. Noem, 2025 WL 3567862, at *6 (E.D. Cal. Dec. 14, 2025) ("The length of time and the connections Petitioner made with his community during that time create a powerful interest for Petitioner in his continued liberty."); Garcia v. Andrews, 2025 WL 1927596, at *4 (E.D. Cal. July 14, 2025) ("The length of time and the connections Petitioner made with his community during that time create a powerful interest for Petitioner in his continued liberty."); Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty."). This "liberty is valuable and

must be seen as within the protection of the [Due Process Clause]." Morrissey v. Brewer, 408 U.S. 471, 482 (1972).

Therefore, the Court concludes that Petitioner developed a substantial liberty interest while living in the community since his arrival in 2024, pursuing lawful employment and legal status through his SIJS. His arrest by immigration authorities on May 6, 2026, without notice or a pre-deprivation hearing, violated his procedural due process rights. See, e.g., J.A.E.M. v. Wofford, 812 F. Supp. 3d 1058, 1071 (E.D. Cal. 2025) ("On balance, the Mathews factors show that petitioner is entitled to a bond hearing, which should have been provided before she was detained. The root requirement of the Due Process Clause is that an individual be given an opportunity for a hearing *before* he is deprived of any significant protected interest." (internal quotation marks and brackets omitted)); Mourey v. Bowen, 2026 WL 467567, at *4 (C.D. Cal. Jan. 31, 2026) ("Pursuant to the holding in Mathews, Petitioner should have been afforded a pre-detention hearing."), report and recommendation adopted, 2026 WL 464788 (C.D. Cal. Feb. 17, 2026). Moreover, it is undisputed that since being taken into custody, Petitioner has not been provided an opportunity to post bond or be released on other conditions. (Docket No. 1 at 6.)

Respondents have offered no reason – much less any compelling reason – as to why the government should be able to detain Petitioner, who has developed a significant liberty interest during his nearly two years in the country and likely poses no danger to his community or risk of flight, without first providing him with notice and opportunity for a hearing before a neutral adjudicator.

Accordingly, the Court concludes that the government's arrest and detention of Petitioner on May 6, 2026, without adequate pre-detention process, when he had previously been released and had been compliant with his release, violated his right to procedural due process under the Fifth Amendment.

Given this violation of Petitioner's due process rights, the Court further concludes that "Petitioner's release is necessary to return him to the status quo." Nazarian v. Noem, 2025 WL 3236209, at *7 (C.D. Cal. Nov. 3, 2025). The status quo is "the last uncontested status which preceded the pending controversy." GoTo.com, Inc. v. Walt Disney Co., 202 F.3d 1199, 1210 (9th Cir. 2000) (internal quotation marks omitted). The last uncontested status here is Petitioner's release on his prior conditions of release. See Nazarian, 2025 WL 3236209, at *7 ("The last uncontested status in this case is Petitioner's release on his second OSUP before his current re-detention."). "Accordingly, Petitioner's release from custody is the appropriate remedy." Id.; see Esmail v. Noem, 2025 WL 3030590, at *6 (C.D. Cal. Sept. 12, 2025) ("Providing Petitioner an interview *ex post facto*, while keeping him detained in ICE's custody, would not remedy the apparent constitutional violation that Petitioner has suffered in being re-detained without any measure of due process. The fact that he was not given an interview renders his detention unlawful in the first place, necessitating his release.").

Release is particularly warranted in light of Respondents' awareness and concession that Petitioner is a member of the Bond Eligible Class certified in Maldonado Bautista v. Santacruz, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), reconsideration granted in part, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025), and amended and superseded on reconsideration, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025). (Docket No. 8 at 2). On December 18, 2025, the court in Maldonado Bautista entered final judgment and granted declaratory relief to all members of the Bond Eligible Class. See Bautista v. Santacruz, 2025 WL 3713987, at *32 (C.D. Cal. Dec. 18, 2025), judgment entered sub nom. Maldonado Bautista v. Noem, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).

/ / /

10

Pursuant to the final judgment entered in Bautista, "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a), are not subject to mandatory detention under § 1225(b)(2), and are entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." Maldonado Bautista v. Noem, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025). On March 6, 2026, the Ninth Circuit administratively stayed the December 18, 2025 declaratory judgment in Bautista "insofar as [it] extends beyond the Central District of California" pending a ruling on the Government's motion for a stay pending appeal. Maldonado Bautista v. Dep't of Homeland Sec., No. 26-1044, Dkt. 5 at 1 (9th Cir. Mar. 6, 2026). Thus, the December 18, 2025 declaratory judgment remains effective and enforceable within the Central District of California.

Accordingly, pursuant to the final – and binding – judgment in Bautista, Petitioner is detained pursuant to 8 U.S.C. § 1226(a) and is not subject to mandatory detention under § 1225(b)(2). See Bautista, 2025 WL 3678485, at *1. Moreover, Petitioner is entitled to an individualized bond hearing pursuant to 8 U.S.C. § 1226(a).[2] See id. Notwithstanding this fact, and also notwithstanding Respondents' admission that Petitioner is a member of the Bautista class, Respondents have failed to comply with the final judgment in Bautista with respect to Petitioner, failing to provide him with an individualized bond hearing during the period he has been in their custody.

For the reasons set forth above, Petitioner is entitled to immediate release from custody based on the violation of his procedural due process rights. The statutory basis of Petitioner's detention may become relevant to any future determination of Petitioner's suitability for parole, should he be detained in the future.

///

11

In addition, the Court concludes that due process requires notice and a pre-deprivation hearing before Petitioner may be re-detained.  See, e.g., Ixchop Perez v. McAleenan, 435 F. Supp. 3d 1055, 1062 (N.D. Cal. 2020), appeal dismissed sub nom.   Perez v. McAleenan, 2020 WL 8970669 (9th Cir. Dec. 4, 2020) ("Accordingly, this court will join the consensus view among District Courts concluding that ... where ... the government seeks to detain an alien pending removal proceedings, it bears the burden of proving that such detention is justified." (internal quotation marks omitted)).  Specifically, the Court concludes that Respondents must show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community and that no condition or combination of conditions could reasonably assure Petitioner's future appearance and/or the safety of the community.  See, e.g., Mourey, 2026 WL 467567, at *6 ("If the Government seeks to re-detain Petitioner, he must be provided some kind of hearing before the state deprives him of his liberty. Further, such hearing must be before a neutral arbiter in which the Government bears the burden of providing by clear and convincing evidence that Petitioner is a flight risk or danger to the community." (internal quotation marks, brackets, and citation omitted)); Carballo v. Andrews, 2025 WL 2381464, at *8 (E.D. Cal. Aug. 15, 2025) ("On balance, the Mathews factors show that petitioner is entitled to a bond hearing where the government must prove by clear and convincing evidence that he is presently a flight risk or danger to the community.").

## VI.

## CONCLUSION

IT THEREFORE IS ORDERED that: (1) Judgment be entered granting the Petition; (2) a writ of habeas corpus be issued requiring Respondents to immediately release Petitioner from custody, on the same conditions that he was subject to prior to his arrest and detention, and return all property confiscated from him during his

12

arrest and processing into detention; (3) enjoining Respondents and their officers, agents, employees, attorneys and persons acting on their behalf in concert or in participation with them, from re-detaining Petitioner without notice and a pre-detention hearing before a neutral arbiter at which the government bears the burden of proving that Petitioner is a flight risk or danger to the community; and (4) Respondents shall file a status report within two (2) business days to confirm that Petitioner has been released from custody pursuant to this Order.

DATED:  May 28, 2026

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE